Good morning. Amy Phan on behalf of the appellant. May it please the Court. Your Honors, I would reserve two minutes for rebuttal. The issue presented in the brief is what is the necessary mens rea element for a violation of Title 42, Section 1320d-6, the wrongful obtaining of individually identifiable health information under the HIPAA statute. And we see that from the Supreme Court cases of Liberata, Flores-Figueroa, and Excitement Video, the correct reading of the elements of this statute requires that the knowing portion not only modifies the conduct of knowingly obtaining, using, or causing, but also knowing that the information is in violation of the provisions. Let me ask you two questions. Yes. First, I noticed that it's a misdemeanor penalty. I didn't know Congress had ever heard of misdemeanors. Usually they make everything a felony, but this one's a misdemeanor. That's correct. That means it could be a regulatory offense with no mens rea at all if they so chose. Is that right? I know it isn't, but it could be. Yes, it could be. However, in this case, it is not because it is deemed a misdemeanor under the statute because there was no ---- Now let's talk about exactly what the mental state has to be. It's hard for me to follow the grammar of your interpretation because of the word and. When I look at 1320d-6a, it says a person who knowingly and in violation of this part obtains individually identifiable health information relating to an individual. And it's just hard for me to figure out how to get around the and. In the other cases that you cited, in each of them, I think the statutes were ordered a little differently. So educate me. I believe the Liberata statute case is closely analogous to ours in that ---- Actually, it's not. That statute said whoever knowingly uses, transfers, acquires, alters, and so on, there's no and in there. And as Judge Kleinfeld pointed out, when you add the and, it really changes the whole context and the predicate, doesn't it? No. In that case, it's ---- even though the word and is not in there, it is in a separate part of the statute where it says that in the Liberata case where it's acting in a manner not authorized by statute. And in the government's analysis, that would just be an improper use. It's a passive violation, as long as it violates. And that's what they're saying here with the term and. And that's what they're saying, that it separates. But it does not, because a person must know that what they're ---- what they are acting or doing is in violation of the statute, because the statute is complex. The statute has many different parts where ---- And for the criminal penalty, there are a whole lot more possible violations. But for the criminal penalty, under the relevant subsection, I'm having trouble reading it grammatically. Now, Congress doesn't have to be grammatical. We don't create papers. It can be ungrammatical. But it makes sense to say a person who knowingly obtains individual health information and a person who's obtaining of the health information is also in violation of this part. And my problem is I'm having trouble ---- I'm having trouble figuring out a grammatical way to read it any other way. So I would read it ungrammatically if you could show me that that's the only thing that makes sense. And I have trouble seeing why they wouldn't have meant what they appeared to say. I mean, you're just not supposed to get the medicals after you've been fired on your boss and your boss's wife and celebrities. I understand factually. However, if we look at the statute going forward, if the ---- I believe the best way to look at it is if we compare and look at the civil section 1320d5 and d6 together, because the civil and the criminal penalties have to be read together. Well, with respect, Ms. Vann, I ---- as you know, under our Williams case, we point out that we have to take into account every word in the statute. Judge Kleinfeld has pointed out that there is in this case knowingly and in violation of HIPAA in this statute. Can you cite us to any case, whether it's HIPAA or not, where those two concepts are married together with the word and and it has the result that you seek? The Lipperada, Flores, Figueroa, and Excitement video that you cite, in my view, are in opposite. They don't really ---- they don't reach the point that you want. Have you got a case that does? I believe that those cases are the best analogous cases to that because they talk about the fact that in violation of the statute, knowingly and in violation  And I think that's what's wrong because if we don't put the word knowing after the word and, then in violation of the statute, becomes a passive, it's a passive. Well, no. It's not that passive because of the knowingly. For example, if you're on, what do they call it, an RSS where things go automatically into your e-mail, or if you're on or if somebody at the hospital where you used to work sends you an e-mail and it has the individualized health information, you didn't knowingly obtain it. You just discovered it in your e-mail, not your fault under this criminal statute. See, I can't see why Congress, considering how sensitive health information often is, I can't see why Congress would not want to make it a misdemeanor to obtain it knowingly, even though you don't know whether you're violating the statute when you obtain it. Well, I think that's where, if you read it with the civil penalty, that is where Congress resolves that issue, can resolve that or resolves that issue. Because if you read the civil penalty, it's a whole lot broader. You're right. It is. And it seems to provide more protections under due process and notice to someone than the criminal part, because it has the different levels of knowledge. But it first starts off except as provided in subsection B, which is. You're right about that. But I can see why they'd want to do that, because through a programming error, all sorts of people could have information disclosed, and the civil penalty would be enough to deter the hospital from making programming errors. What I can't figure out is if I read knowingly the way you want me to, it means willfully. You have to know that you're violating the law. And it seems a bit much for a misdemeanor, which could be even a strict liability offense. It seems ungrammatical. And also, everybody knows that people have privacy concerns about their medical information, maybe not if they broke their leg, but a lot of other kinds of medical information. And so I can't see why Congress would say you're not guilty even of a misdemeanor unless you knew you were breaking the law. Well, it is that it is common knowledge that medical information is confidential, is private. However, HIPAA provides for various releases, either automatically with consent, without consent, with the ability to object. Pretty much everybody and his brother at the hospital, long as they're working there, but your fellow had been fired. That's correct. But if we're answering Your Honor's issue, if we look at the way the civil and the criminal penalties are put together, before you get to the criminal penalty, it first starts with someone has to decide whether or not they knew they were in violation of the statute, whether they knew what they did was unlawful to get either to the criminal or to the civil. And then from the civil, the different tiers of protection. Well, that's what Congress intended. But as was pointed out here, that's not what the words say. It says knowingly and in violation. So given the fact that it could be a misdemeanor, you know, that is a misdemeanor, you know, Congress could just intend that they knew they had to take an act, and it has to be in violation of HIPAA. And that's the way the district court construed it, certainly. Do you want to save any of your time? You've got a little less than a minute. I do. Yes, I do. Thank you. Very good. Let's hear from the government, and then we'll give you a chance to respond. May it please the Court. I'm Consuelo Woodhead on behalf of the United States. This is an appeal from a conditional plea to four misdemeanors that reserve just one issue, and that's whether the court properly denied a motion to dismiss. Let me ask you about the time before he's fired. Yes. The exceptions in HIPAA are so broad for any medical personnel or anyone who's working in a hospital. I wonder if he can be guilty of anything when he was still working at the hospital. Yes, I believe he can, though he, in fact, was not charged with any of the conduct. Your charges don't cover any of the pre-determination? The charges in the information were all post-termination accesses. Okay, so I don't have to worry about pre-termination. So the court does not have to worry about that in this case. Even getting your boss's medicals, I was wondering a little, if your boss is giving you some crazy-sounding directions, you might want to check on him, seeing if he's taking some medication that messes up his thinking. And, Your Honor, I do believe that would be an inappropriate access. If a hospital employee is granted access for purposes of performing his job. But we don't have to worry about that? No, you do not. These are all post-termination accesses, and two of them specifically he snuck back in in the middle of the night to do them. So the government's argument is that the point they're raising here is not one of the aspects that could be appealed? Is that correct? Well, the first point the government makes in its brief is that what defendant is really arguing about here is an argument that's worked out in jury instructions. There's not really a defect in the information itself. And that's all that he reserved for the appeal was the information defective. So when counsel jumps directly to the question of statutory interpretation, she's skipping over the antecedent issue of was the pleading itself adequate. And we believe the pleading itself was adequate because her contention is. She didn't skip over it. We skipped over it. All of her points raised in her briefs are preserved. Pardon? All of her points raised in her briefs are preserved. But the issue that was preserved for appeal is whether the district court properly denied the motion to dismiss. So are you saying that we can't even get to the statutory construction and we have to focus on the sufficiency of the information? I'm saying you don't have to get to the statutory interpretation. Can you tell whether the information is sufficient if we don't get to the statutory construction? I believe you can because her argument, defendant's argument on statutory construction is that this is what the statute means. The words knowingly in violation of this part mean knowingly in violation of this part. I understand that. But let's just say arguendo. Yeah. Her construction of the statute is correct. Then the elements of the crime as alleged in the information would be incorrect, would they not? I do not think so. If that's what the statute means when those words appear in the statute, then that's what the statute means when the exact same words are used in the information You're saying whether you construe the statute in the way that Ms. Phan wants us to do or the way that the government does, it doesn't make any difference because the information sufficiently covers it. Correct. That is correct. And the information met the constitutional requirements of giving the defendant notice of what he was alleged to have done wrong, enabling him to plead double jeopardy. So because the information tracks with the statute, we don't need to get to the point of statutory interpretation, and it's sufficient for the reasons you've indicated. Yes, Your Honor. Okay. If the Court does reach the issue of statutory interpretation, then the government wholeheartedly agrees that the and is dispositive because the statute must be construed according to the plain language of the statute. And in this case, the plain language of the statute has that critical word separating the word knowingly from the words in violation of this part. And if one were diagramming this sentence, that clause would have each of those adverbs as separate modifiers of the verbs that follow. In this case, obtains. One paragraph of the information is the statutory language that you speak of contained. I see it. Okay. It's on seven. Count one. One paragraph seven. And it's on page 47 of the defendant's obstructive records. Okay. I see it. I see it. It's a little different here. It says knowingly and for a reason other than permitted by Title 42 and so on. That's just another way of referring to HIPAA, right? That's correct. That's actually more specific than the words in the statute. The words in the statute say in violation of this part. If we used this part, instead of using the words this part, the information identifies the part that is being discussed. So for purposes of what we need to do, is it the government's position that a judicial construction of this statute, which doesn't presently exist, at least in this circuit, or indeed anywhere, are you saying we should or should not construe the statute in order to find the information sufficient if that's what we end up doing? The government does not believe you need to construe the statute. Okay. Because it is included here already. Because the same language the defendant argues means what defendant contends is in the information itself. I don't follow that. The reason I don't follow it is the defendant did not prevail on a motion to dismiss the information for not charging a crime. That would mean that all we do is look at the information and see whether it charges a crime. Rather, the defendant made a conditional guilty plea based on the judge's reading of the statute so that you only had to know you were obtaining the information, not that you had to know that it was a crime. And the defendant in the conditional guilty plea said that what the condition was, was disputing that interpretation of the statute. So I don't really see how your argument works without a successful motion to dismiss. Because, Your Honor, what the plea agreement actually says, the plea agreement, this is at paragraph 21 of the plea agreement, page 11 of the government's excerpt of records. The plea agreement reserves the issue whether the district court properly denied the motion to dismiss. It did not reserve the issue whether the district court properly interpreted the statute. But the motion to dismiss was based upon their construction of the statute, wasn't it? That's true, Your Honor. So isn't that kind of a chicken and egg issue? No, because the government's response to the motion to dismiss was that the court, that the information met constitutional notice standards and that this issue regarding the interpretation of that scienter element, the interpretation of the word knowingly, should be worked out in jury instructions, essentially the same position we've been urging here. The judge said what his jury instruction was going to be. He did. That is correct. So the idea was to avoid a needless trial, since he'd likely be convicted under one interpretation of the statute and acquitted under the other. That is true. Does the government agree that if Ms. Phan is correct, that he would be acquitted? Absolutely not, Your Honor. And one of the arguments the government made in opposing the motion was that if the court were to instruct a jury as defendant claims the jury should have been instructed, the government would prove up that element and the government would prove that the defendant was trained on, received training on HIPAA and knew that there was a law against misusing information and knew that this kind of conduct would violate it. But it still sounds like you need some clarity as to what you'd have to prove up, because as it stands right now, you don't have any such requirement. The elements of the crime are different, are they not? You're saying you can prove it up either way. In this case, we could prove it up either way. Right. But they're different. The elements are different, are they not? The interpretation of the element of knowingly is different, and there are many cases in which that could be outcome determinative, and the government wholeheartedly agrees with the notion that the interpretation that defendant here is urging is far too restrictive to adequately protect the privacy rights that this statute was designed to protect. Okay. That it would be inappropriate to allow hospital insiders. And this is this – excuse me – the whole administrative simplification and regulations that these are a part of are directed to people within the healthcare industry to whom we disclose our private information. Okay. I think we have the government's argument, and we thank you for that. Ms. Phan, you have a little bit of time left if you'd like to make your rebuttal. Thank you, Your Honors. You have to – Please sit down, sir. Sit down. You have to interpret the statute in this case, as Justice Kleinfeld correctly indicated, as Your Honors correctly indicated. And I think the issue about how to grammatically read the statute can be – if we refer to excitement video, the Supreme Court there specifically said, we're not going – we are going to read this differently. We're not going to do the grammatical reading as the government wants. We're going to read it this way. So that it is okay to – if it doesn't flow grammatically, it doesn't mean that the defense is wrong. Here, the – That can be. Here, the question is, the reason that the appellant argues that it's – that the government's interpretation would provide in violation of its passive is that's wrong, because they were prepared – and we see it in the hearings motion, in the transcript for the motion hearing, they were prepared to put one or two experts on about HIPAA, about all the – all the permissible uses, the non-permissible uses, the exceptions, the – the ability to – to obtain information. I don't know why that matters. Well, because the government was indicating – I mean, when I was the district judge, I probably wouldn't have even let the experts testify, because I would have figured I tell the jury what the law is. That's correct. And so here, why would – why would the government need an expert if it's going – if one does not have to show that you – Let me ask you something that is about two steps down from that. Yes. The government has argued basically that you have waived your right to appeal this interpretive issue because in the plea agreement, the only reservation  is the indictment. And the indictment charges the crime in the language of the statute. So it's sufficient. Why – what shows that you preserve the right to appeal this interpretive issue? Is there language in the entry of the plea colloquy or what? It's in the motions hearing. Procedurally, the defense provided – prepared the motion. They had a motions hearing, which is in the – which is in the excerpt at – starting at page 24. I believe the whole motions hearing transcript is in there. And then it was renewed again. Even though the court denied the motion, the issue was renewed again when they talked about jury instructions. The trial counsel raised that again and said, I know that you denied this motion. However, bringing this back in, we need to – we'd like to have this third element in the jury instruction. And then the meeting of the minds for the plea agreement, because they talked about perhaps this can be resolved in a plea, although we reserve our right to, you know, to challenge the court's – challenge this issue and the court's denial. Right. That's what I'm looking for. Where is it? I figure there had to be something like that orally in a transcript. And you can tell me where it is. I'm not sure if that – if that – if those – if that is – if those words are precisely in the transcript because of the procedural history of the case. And typically when there's a reservation of a motion, this is the only motion that was filed. And so it would have to be a meeting of the minds by the attorneys. I don't believe they would have put in three paragraphs about exactly what was filed since this was the only motion that was filed and this was the only determination on a pretrial motion by Judge Wistridge. And so the government is wrong when it says that we – we did not preserve our right to – to appeal this. Do either of my colleagues have additional questions? If not, then we thank you for your argument. The case of Xiao versus United States is submitted. And we will next hear argument in Ordonez versus United States. Thank you.
judges: Sammartino, Kleinfeld, Smith